1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Michael Marchand (SBN 281080)
   mmarchand@blakelylawgroup.com
3  BLAKELY LAW GROUP
   1334 Parkview Avenue, Suite 280
4  Manhattan Beach, California 90266
   Telephone: (310) 546-7400
5  Facsimile: (310) 546-7401

6  *Attorneys for Plaintiff Hammitt, Inc.*

7

8                 UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10

11 HAMMITT, INC., a California       ) CASE NO.
   Corporation,                      )
12                                   ) **COMPLAINT FOR DAMAGES AND**
                    Plaintiff,       ) **EQUITABLE RELIEF**
13                                   )
           v.                        ) **1.    TRADE DRESS**
14                                   )        **INFRINGEMENT;**
   BECARRO INTERNATIONAL, LTD.       )
15 dba SONDRAROBERTS.COM,  a New     ) **2.    FALSE DESIGNATIONS OF**
   York Corporation; ROBERT CAMCHE,  )        **ORIGIN AND FALSE**
16 an individual; and DOES 1-10, inclusive, ) **DESCRIPTIONS;**
                                     )
17                                   ) **3.    FEDERAL UNFAIR**
                    Defendants.      )        **COMPETITION;**
18                                   )
                                     ) **4.    COMMON LAW UNFAIR**
19                                   )        **COMPETITION**
                                     )
20                                   )
                                     ) **JURY TRIAL DEMANDED**
21                                   )
                                     )
22

23     Plaintiff Hammitt, Inc. ("Plaintiff" or "Hammitt") for its claims against

24 Defendants Becarro International, LTD. dba SondraRoberts.com and Robert Camche

25 (collectively "Defendants") respectfully alleges as follows:

                      **JURISDICTION AND VENUE**

26

27     1.    Plaintiff files this action against Defendants for trade dress infringement,

28 false designations of origin and false descriptions, and unfair competition under the

                                    1

Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham Act"), and related claims of unfair competition under the statutory and common law of the state of California.  This Court has subject matter jurisdiction over the Federal Lanham Act claims pursuant to 28 U.S.C.A §§1121(a), 1331, 1338(a).

2.     This Court has personal jurisdiction over Defendants because Defendants conduct business within this judicial district, and the acts complained of have caused harm to Plaintiff, who operates its business within this judicial district.

3.     This action arises out of wrongful acts by Defendants within this judicial District.  Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the claims asserted arise in this District.

## THE PARTIES

4.     Plaintiff Hammitt, Inc. is a corporation organized and existing under the laws of the State of California with an office and principal place of business in Hermosa Beach, California.

5.     Upon information and belief, Defendant Becarro International, LTD. dba SondraRoberts.com ("Sondra Roberts") is a corporation duly organized and existing under the laws of the State of New York Corporation with an office and principal place of business at 8214 Glades Rd., Boca Raton, Florida 33434.

6.     Plaintiff is unaware of the names and true capacities of Defendants, whether individual, corporate and/or partnership entities, named herein as DOES 1 through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will seek leave to amend this complaint when their true names and capacities are ascertained.  Plaintiff is informed and believes, and based thereon alleges, that said Defendants and DOES 1 through 10, inclusive, are in some manner responsible for the wrongs alleged herein, and that at all times referenced each was the agent and servant of the other Defendants and was acting within the course and scope of said agency and employment.

1        7.    Plaintiff is informed and believes, and based thereon alleges, that at all

2   relevant times herein, Defendants and DOES 1 through 10, inclusive, knew or

3   reasonably should have known of the acts and behavior alleged herein and the damages

4   caused thereby, and by their inaction ratified and encouraged such acts and behavior.

5   Plaintiff further alleges that Defendants and DOES 1 through 10, inclusive, had a non-

6   delegable duty to prevent or cause such acts and the behavior described herein, which

7   duty Defendants and DOES 1 though 10, inclusive, failed and/or refused to perform.

8   **ALLEGATIONS COMMON TO ALL CLAIMS**

9       **A.    Hammitt's Products**

10        8.    Hammitt is a Los Angeles-based company engaged in the design,

11   marketing, distribution, and sale of high-quality leather goods, including handbags,

12   wallets, and luggage, under the HAMMITT brand since 2003.

13        9.    HAMMITT® products capture the stylish, yet understated style of Los

14   Angeles.  Hammitt is the industry leader in locally produced handcrafted Los Angeles

15   accessories. Deeply rooted in the effortless California lifestyle, Hammitt's unique

16   signature style resonates through its playful, edgy designs.

17       10.    HAMMITT® products are sold at more than 300 boutiques worldwide

18   including those located in this judicial district.

19       11.    HAMMITT® products are easily identified by its unique silhouettes and

20   use of hardware, one of the most well recognized of which features Hammitt's

21   signature rivets, which appear in linear patterns along the sides, trimmings, and/or

22   handles of the product (hereinafter "Signature Rivet Trade Dress").  The rivets of

23   Hammitt's Signature Rivet Trade Dress are the same size and each rivet is separated

24   with the same amount of space on all goods with which said trade dress is utilized.

25     One of the most well-known and recognized lines of HAMMITT® bags is the

26   "Roxbury Line."  The Roxbury Line is easily identified by a slanted front zippered

27   pocket that overlaps the bag, an external cell phone pocket above a zippered pocket on

28   the back of the bag, a three-way adjustable cross-body strap, and circular metal rivets

that connect the cross-body strap to the bag (hereinafter "Signature Roxbury Trade Dress")



12.    HAMMITT® products have graced the pages of major publications both here and abroad, including but not limited to OK!, the New York Times, People, InStyle, Life & Style, Women's Wear Daily, and US Weekly.

13.    HAMMITT® products have been photographed on celebrities, reality TV stars and has been featured in prime time television series including 90210, Gossip Girl, Big Bang Theory, Entourage, The Good Wife, The Mentalist, and Two and a Half Men.

14.    Hammitt's Signature Roxbury Trade Dress was an original design of Hammitt and the key elements thereof are non-functional and serve primarily to identify Hammitt as its source.

15.    The Signature Roxbury Trade Dress has continuously appeared on Hammitt's products, which have been featured on Hammitt's advertising and promotional materials as well as in the trade publications set forth above. Hammitt has extensively used and promoted the Signature Roxbury Trade Dress on its products

1  such that it is closely identified with HAMMITT products and has gained widespread
2  public recognition.

3       16.    Due to its long use, extensive sales, and significant advertising and
4  promotional activities, Hammitt's Signature Roxbury Trade Dress has achieved
5  widespread acceptance and recognition among the consuming public and trade
6  throughout the United States.

7       **B.    Defendants' Infringement of the Signature Roxbury Trade Dress**

8       17.    Upon information and belief, Hammitt heron avers that Defendants have
9  manufactured, designed, advertised, marketed, distributed, offered for sale, and/ or
10  sold products bearing marks substantially indistinguishable and/or confusingly similar
11  to HAMMITT products ("Infringing Products").

12       18.    Hammitt recently discovered that handbags featuring the Signature
13  Roxbury Trade Dress were being offered for sale and sold by Defendants through their
14  retail website - www.sondraroberts.com ("Infringing Products").  These Infringing
15  Products feature design elements in the same style, form, and placement as the
16  Signature Roxbury Trade Dress.

17       19.    Upon information and belief, Defendants designed the Infringing Products
18  and are the active, moving, conscious force behind the production, manufacture,
19  distribution, advertisement, and/or offering for sale of same.

20       20.    Given the widespread popularity and recognition of the HAMMITT line
21  of products and the Signature Rivet Trade Dress, Hammit avers and hereon alleges that
22  Defendants had knowledge of Hammitt's rights to the Signature Roxbury Trade Dress
23  and has intentionally utilized said trade dress on its own products in an effort to pass
24  them off as if they originated, are associated with, are affiliated with, are sponsored by,
25  are authorized by, and/or are approved by Hammitt.

26       21.    Upon information and belief, Defendants may have manufactured,
27  distributed, advertised, and/or offered for sale additional products that infringe upon
28  Plaintiff's trade dress apart from the Infringing Products.

22.     Hammitt is informed and believes and hereon alleges that Defendants are competitors and have copied Hammitt's Signature Roxbury Trade Dress in an effort to exploit Hammitt's reputation in the market.

23.     Hammitt is informed and believes and hereon alleges that Defendants have acted in bad faith and that Defendants' deceptive acts have misled and confused and were intended to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendants' Infringing Products with Hammitt, or as to the origin, sponsorship, or approval of Defendants' Infringing Products by Hammitt.

24.     Upon information and belief, Defendant Robert Camche is an owner, officer, director, and/or principal of Sondra Roberts and is the active, moving, conscious force behind the alleged infringing activities.

**FIRST CLAIM FOR RELIEF**

**(Trade Dress Infringement)**

25.     Hammitt incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

26.     Elements of Hammitt's Signature Roxbury Trade Dress are nonfunctional and its inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Hammitt as the source of high-quality goods.

27.     The Signature Roxbury Trade Dress is of such a unique and unusual quality that a customer would immediately rely on said design to differentiate the source of goods.

28.     Furthermore, the Signature Roxbury Trade Dress has been featured in connection with various celebrities, has received a large volume of unsolicited media intention, and has graced the pages of many popular magazines nationwide and internationally.

29.     The Infringing Products produced, distributed, advertised and offered for sale by Defendants bear nearly identical reproductions of the Signature Roxbury Trade

Dress, such as to cause a likelihood of confusion between Defendants' products and Hammitt's products.

30.    Defendants' unauthorized use of Hammitt's Signature Roxbury Trade Dress design on their merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Hammitt or come from the same source as Hammitt's goods when, in fact, they do not.

31.    Defendants' use of Hammitt's Signature Roxbury Trade Dress design is without Hammitt's permission or authority and in total disregard of Hammitt's rights to control its trademarks.

32.    Defendants' use of Hammitt's Signature Roxbury Trade Dress design is likely to lead to and result in confusion, mistake or deception, and is likely to cause the public to believe that Hammitt has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Hammitt.

33.    Hammitt has no adequate remedy at law. In light of the foregoing, Hammitt is entitled to injunctive relief prohibiting Defendants from using Hammitt's Signature Roxbury Trade Dress design, or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Hammitt has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## SECOND CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions)

34.    Hammitt incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

35.     Elements of Hammitt's Signature Roxbury Trade Dress are nonfunctional and their inherently distinctive quality has achieved a high degree of consumer recognition and serves to identify Hammitt as the source of high-quality goods.

36.     The Infringing Products produced, distributed, advertised and offered for sale by Defendants bear exact and/or confusingly similar reproductions of the Signature Roxbury Trade Dress elements, such as to cause a likelihood of confusion between Defendants' products and Hammitt's products.

37.     The design of Defendants' Infringing Products is exactly the same as Hammitt's Signature Roxbury Trade Dress.

38.     Defendants' unauthorized use of Hammitt's Signature Roxbury Trade Dress design on merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Hammitt or come from the same source as Hammitt's goods when, in fact, they do not.

39.     Defendants' use of Hammitt's Signature Roxbury Trade Dress design is without Hammitt's permission or authority and in total disregard of Hammitt's rights to control its intellectual property.

40.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Hammitt has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Hammitt.

41.     Hammitt has no adequate remedy at law.

42.     In light of the foregoing, Hammitt is entitled to injunctive relief prohibiting Defendants from using Hammitt's Signature Roxbury Trade Dress design, or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Hammitt has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition)

43.     Hammitt incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

44.     Hammitt owns all rights, title, and interest in and to the Signature Roxbury Trade Dress.

45.     Hammitt's Signature Roxbury Trade Dress is nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from Hammitt.

46.     The Infringing Products produced, distributed, advertised and offered for sale by Defendants bear exact reproductions of the Signature Roxbury Trade Dress design elements, such as to cause a likelihood of confusion between Defendants' products and Hammitt's products.

47.     Defendants' unauthorized use of Hammitt's Signature Roxbury Trade Dress design on merchandise that do not meet Hammitt's standards of quality in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Hammitt or come from the same source as Hammitt's goods and are of the same quality as that assured by Hammitt's Signature Roxbury Trade Dress.

48.     Defendants' use of Hammitt's Signature Roxbury Trade Dress design elements is without Hammitt's permission or authority and in total disregard of Hammitt's rights to control its trade dress and designs.

49.     Defendants' activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Hammitt has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Hammitt.

50.     Upon information and belief, Defendants' acts are deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Hammitt and reap the benefits of the good will associated with Hammitt's Signature Roxbury Trade Dress.

51.     As a direct and proximate result of Defendants' willful and unlawful conduct, Hammitt has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this Court from infringing on Hammitt's Signature Roxbury Trade Dress design.

52.     Hammitt has no adequate remedy at law.

53.     In light of the foregoing, Hammitt is entitled to injunctive relief prohibiting Defendants from using Hammitt's Signature Roxbury Trade Dress design, or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Hammitt has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

54.     Hammitt incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

55.     Hammitt owns and enjoys common law trademark rights to the Signature Roxbury Trade Dress in California and throughout the United States.

56.     Defendants' unlawful acts in appropriating rights in Hammitt's Signature Roxbury Trade Dress design were intended to capitalize on Hammitt's goodwill associated therewith for Defendants' own pecuniary gain.  Hammitt has expended substantial time, resources and effort to obtain an excellent reputation for the Hammitt brand.  As a result of Hammitt's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to Hammitt.

57.     Defendants' unauthorized use of Hammitt's Signature Roxbury Trade Dress design has caused and is likely to cause confusion as to the source of Defendants' products, all to the detriment of Hammitt.

58.     Defendants' acts are willful, deliberate, and intended to confuse the public and to injure Hammitt.

59.     Defendants' acts constitute unfair competition under California common law.

60.     Hammitt has been irreparably harmed and will continue to be irreparably harmed as a result of Defendants' unlawful acts unless Defendants are permanently enjoined from their unlawful conduct.

61.     The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Hammitt in reckless disregard of Hammitt's rights.  Said conduct was despicable and harmful to Hammitt and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of Defendants, and to deter them from similar such conduct in the future.

62.     Hammitt has no adequate remedy at law.

63.     In light of the foregoing, Hammitt is entitled to injunctive relief prohibiting Defendants from using Hammitt's Signature Roxbury Trade Dress design, or any designs confusingly similar thereto, and to recover all damages, including attorneys' fees, that Hammitt has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, punitive damages, and the costs of this action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Hammitt, Inc. respectfully prays for judgment against Defendants, as follows:

1.     Defendants, their agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, are hereby temporarily, preliminarily, and permanently enjoined from using Hammitt's

1   Signature Roxbury Trade Dress, or any designs confusingly similar thereto, including,

2   but not limited to

3             (a)    manufacturing, importing, advertising, marketing, promoting,

4   supplying, distributing, offering for sale, or selling the Infringing Products or any other

5   products which bear Hammitt's Signature Roxbury Trade Dress or any designs

6   confusingly similar thereto;

7             (b)    engaging in any other activity constituting unfair competition with

8   Hammitt, or acts and practices that deceive consumers, the public, and/or trade,

9   including without limitation, the use of designations and design elements associated

10  with Hammitt;

11            (c)    Committing any other act which falsely represents or which has the

12  effect of falsely representing that the goods and services of Defendants are licensed by,

13  authorized by, offered by, produced by, sponsored by, or in any other way associated

14  with Hammitt;

15      2.    Ordering Defendants to recall from any distributors and retailers and to

16  deliver to Hammitt or its counsel for destruction or other disposition all remaining

17  inventory of all infringing products, including all advertisements, promotional and

18  marketing materials therefore, as well as means of making same

19      3.    Ordering an accounting by Defendants of all gains, profits and advantages

20  derived from their wrongful acts;

21      4.    Awarding Hammitt all of Defendants' profits and all damages sustained

22  by Hammitt as a result of Defendants' wrongful acts, and such other compensatory

23  damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C. §

24  1117(a);

25      5.    Awarding treble damages in the amount of Defendants' profits or

26  Hammitt's damages, whichever is greater, for willful infringement;

27      6.    Awarding applicable interest, costs, disbursements and attorneys' fees,

28  pursuant to 15 U.S.C. § 1117(b);

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1    7.    Awarding Hammitt punitive damages in connection with their claims

2  under California law; and

3    8.    Awarding Hammitt such other and further relief as the Court deems just

4  and proper.

5

6  Dated:  August 25, 2014                 BLAKELY LAW GROUP

7

8                                By:    /s/ Michael Marchand
                                        Brent H. Blakely
9                                        Michael Marchand
                                        *Attorneys for Plaintiff Hammitt, Inc.*
10

11                          **DEMAND FOR JURY TRIAL**

12        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff

13  Hammitt, Inc. hereby demands a trial by jury as to all claims in this litigation.

14

15  Dated:  August 25, 2014                 BLAKELY LAW GROUP

16

17                                By:    /s/ Michael Marchand
18                                        Brent H. Blakely
                                        Michael Marchand
19                                        *Attorneys for Plaintiff Hammitt, Inc.*

20

21

22

23

24

25

26

27

28

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF