Brent H. Blakely (SBN 157292)
bblakely@blakelylawgroup.com
Michael Marchand (SBN 281080)
mmarchand@blakelylawgroup.com
BLAKELY LAW GROUP
1334 Parkview Avenue, Suite 280
Manhattan Beach, California 90266
Telephone: (310) 546-7400
Facsimile: (310) 546-7401

*Attorneys for Plaintiff Hammitt, Inc.*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HAMMITT, INC., a California Corporation,<br><br>               Plaintiff,<br>   vs.<br>BECARRO INTERNATIONAL, LTD. dba SONDRAROBERTS.COM, a New York Corporation; ROBERT CAMCHE, an individual; and DOES 1-10, inclusive,<br><br>               Defendant.<br>BECARRO INTERNATIONAL, LTD., a New York Corporation,<br><br>               Counterclaimant,<br>   vs.<br>HAMMITT, INC., a California Corporation,<br><br>               Counterdefendant. | CASE NO. CV14-06654 JAK (AJWx)<br><br>**PROTECTIVE ORDER**<br><br>[DISCOVERY MATTER]<br><br>**Hon. Andrew J. Wistrich** |

    1.   <u>Purposes and Limitations</u>.  The parties acknowledge that disclosure and discovery activity in this litigation are likely to involve production of information involving trade secrets, confidential business, financial, or proprietary information, or

information subject to protection under California or federal law for which special protection from public dissemination or disclosure (and from use for any purpose other than prosecuting and defending this matter) is warranted.  Thus, this Order is warranted and required to prevent and/or limit disclosure of such information and/or documents that may be exchanged and/or produced in this case.  The parties further acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled to treatment as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" information or material.

2. A party may designate as "CONFIDENTIAL" any material that is considered in good faith to contain or disclose commercially sensitive and/or proprietary information not otherwise known or available to the public or information that the party is under a duty to preserve as confidential under an agreement with or other obligation to another person/entity.

3. A party may designate as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" any material that contains or discloses trade secrets and disclosure would provide a competitive advantage to the other parties.  Such documents would include but are not limited to pricing, financial or planning information; forward-looking strategic plans and any trade secret or other sensitive commercial, research or technical information that the producing party believes in good faith should be afforded the highest level of confidentiality by the Court.

4. Any party may designate as "Confidential" or as "Highly Confidential – Attorneys' Eyes Only" (by stamping the relevant page(s) or as otherwise set forth below) any document or discovery response that the party considers in good faith to contain information involving trade secrets, confidential business, financial, or proprietary information, or information subject to protection under California or federal law.  Where a document or response consists of more than one page, the first page and each page on which such confidential information appears shall be so

designated.  Any document previously produced by a party in the course of this lawsuit shall be subject to the terms of this Order if the party originally designated the document as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

5. A party may designate information disclosed during a deposition or in response to written discovery as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by so indicating in the responses or on the record at the deposition and requesting the preparation of a separate transcript of such material.  Additionally, a party may designate in writing, within ten (10) business days after receipt of discovery responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only".  Any other party may object to such proposal, in writing or on the record.  If an objection is made, the parties shall follow the procedures described in Paragraph 13 below.  After any designation is made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 13 below, and counsel for all parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation.

6. All information produced or exchanged in the course of this case (other than information that is publicly available) shall be used by the party or parties to whom the information is produced solely for the purpose of this case.

7. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, information designated as "Confidential" shall not be disclosed to any person other than the following person(s):

    a. Counsel for the respective parties to this litigation, including in-house counsel for any party to this litigation;

1         b.    Employees of such counsel deemed necessary by counsel for the prosecution or defense of this litigation;

        c.    Any officer or employee of Hammitt, Inc. directly involved in the facts and circumstances underlying this case whose access to Confidential information is necessary for the prosecution or defense of this litigation; any officer or employee of Becarro International, Ltd. directly involved in the facts and circumstances underlying this case whose access to Confidential information is necessary for the prosecution or defense of this litigation; provided that each such person shall execute a copy of the Certification attached to this Order before being shown or given any information. Copies of all Certifications shall be retained by counsel for the party so disclosing the information designated "Confidential" and made available for inspection by opposing counsel during the pendency or after the termination of the action, upon good cause shown;

        d.    Consultants or expert witnesses retained for the prosecution or defense of this litigation, provided that each such person shall execute a copy of the Certification attached to this Order before being shown or given any information. Copies of all Certifications shall be retained by counsel for the party so disclosing the information designated "Confidential" and made available for inspection by opposing counsel during the pendency or after the termination of the action, upon good cause shown;

        e.    Any authors or known recipients of the information designated "Confidential";

        f.    The Court, court personnel, and court reporters; and

        g.    Witnesses. A witness shall sign the Certification before being shown a confidential document. Information designated "Confidential" may be disclosed to a witness who will not sign the Certification only in a deposition at which the party who designated the information is represented and has been given notice that information produced by the party may be used. At the request of any party, the

portion of the deposition transcript involving such information shall be designated "Confidential" pursuant to Paragraph 5 above. Witnesses shown information designated "Confidential" shall not be allowed to retain copies.

8. Except with the prior written consent of the other parties, or upon prior order of this Court obtained upon notice to opposing counsel, certain information designated as "Highly Confidential – Attorneys' Eyes Only" shall not be disclosed to any person other than the following person(s):

    a. Outside Counsel for the respective parties to this litigation;

    b. Employees of such counsel deemed necessary by counsel for the prosecution or defense of this litigation;

    c. Any authors or known recipients of the information designated "Highly Confidential – Attorneys' Eyes Only"; and

    d. The Court, court personnel, and court reporters.

9. Any persons receiving information designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" shall not reveal or discuss such information with any person who is not entitled to receive such information, except as set forth in this Protective Order.

10. A party that seeks to disclose to an Expert or consultant any information that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" first must make a written request to the Designating Party that: (i) sets forth the full name of the Expert or consultant and the city and state of his or her primary residence; (ii) attaches a copy of the current resume of the Expert or consultant; (iii) identifies the current employer of the Expert or consultant; (iv) identifies each person or entity from whom the Expert or consultant has received compensation or funding for work in his or her areas of expertise or to whom the Expert or consultant has provided professional services, including in connection with a

5
**[PROPOSED] PROTECTIVE ORDER**
ACTIVE 28901543v1 02/11/2015

litigation, at any time during the preceding five years[1]; and (v) identifies (by name and number of the case, filing date, and location of court if available) any litigation in connection with which the Expert or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years.

11. A Party that receives a written request for disclosure to an Expert or consultant under Paragraph 10 may object to the disclosure within 7 days of receiving the request. Any such objection must set forth in detail the grounds on which it is based. A Party that receives a timely written objection must meet and confer with the Designating Party to try to resolve the matter by agreement within 5 days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert may file a motion as provided in Local Civil Rule 7 (and in compliance with Local Civil Rule 79-5) seeking permission from the court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert or consultant is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the Parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding, the Party opposing disclosure to the Expert or consultant shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose information

---

[1] If the Expert or consultant believes any of this information is subject to a confidentiality obligation to a third-party, then the Expert or consultant should provide whatever information the Expert or consultant believes can be disclosed without violating any confidentiality agreements, and the Party seeking to disclose to the Expert or consultant shall be available to meet and confer with the Designating Party regarding any such engagement.

designated as "Confidential" and/or "Highly Confidential – Attorney's Eyes Only" to the Expert or consultant.

12. For any documents, pleadings, applications and/or motions submitted to the Court by any party that attach, quote from, or refer to the substance of documents or materials containing or consisting of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" information, the submitting party shall comply with the procedures for filing under seal set forth in Rule 79.5 of the Local Civil Rules of the United States District Court for the Central District of California and in Judge David O. Carter's Individual Rules of Practice.

13. Nothing in this Order shall prevent a party from using any "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material at trial or at a hearing. In advance of or at any such hearing or trial, a party or non-party may seek available relief from the Court, including relief limiting disclosure and the manner thereof, of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material during the course of any such proceeding to persons authorized to receive disclosure by this Order.

14. Any party may voluntarily disclose to others without restriction any information that was designated by that party alone as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," although a document may lose its confidential status if it is made public.

15. If a party contends that any designated material is not entitled to "Confidential" or "Highly Confidential – Attorneys' Eyes Only" treatment, such party may at any time give written notice to the party or non-party who designated the material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." The parties shall thereafter have ten (10) days to meet and confer in good faith in an attempt to resolve the dispute regarding the challenged designations. The party challenging the designation may then bring a motion to challenge the designation of the material in question in compliance with Rule 37-2 of the Local Civil Rules of the

United States District Court for the Central District of California within fourteen (14) days of the parties' conference of counsel concerning said motion. Unless otherwise proscribed by law, the party or non-party that designated the material "Confidential" or "Highly Confidential – Attorneys' Eyes Only" has the burden of establishing that the document is entitled to protection. The material shall be treated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," as originally designated, until and unless the Court determines that it is not entitled to such protection.

16. Notwithstanding any challenge to the designation of material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," all designated documents shall be treated as such and shall be subject to the provisions of this Order unless and until one of the following occurs:

    a. The party or non-party who claims that the material is "Confidential" or "Highly Confidential – Attorneys' Eyes Only" withdraws such designation in writing; or

    b. The Court rules the material is not properly designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only."

17. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the "Confidential" or "Highly Confidential – Attorneys' Eyes Only", and (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Certification" to be bound by Protective Order that is attached hereto.

18. When a Producing Party gives notice to Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to Federal

Rule of Evidence 502(b) and (d) any inadvertent disclosure of privileged information shall not waive privilege.

19. The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

20. All provisions of this Order restricting the communication or use of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material or information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, including any appeals, a party in the possession of "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material or information, other than that which is contained in pleadings, correspondence, and deposition transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of this action to counsel for the party or non-party who provided such information, or (b) destroy such documents within the time period upon consent of the party who provided the information and certify in writing within thirty (30) days that the documents have been destroyed.

21. Nothing in this Protective Order shall be deemed to limit, prejudice, or waive any right of any party or person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected work product or privileged under California or federal law, material as to which the producing party claims a legal obligation not to disclose, or material not required to be provided pursuant to California law; (b) to seek to modify or obtain relief from any aspect of this Protective Order; (c) to object to the use, relevance, or admissibility at trial or otherwise of any material, whether or not designated in whole

or in part as Confidential material governed by this Protective Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

22. If a Party is served with a subpoena or a court order issued in other litigation or investigation that compels disclosure of any information or items designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.

23. Any witness or other person, firm, or entity from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the parties' respective counsel or by oral advice at the time of any deposition or similar proceeding.

24. Designation of material as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" on the face of such material shall have no effect on the authenticity or admissibility of such material at trial.

25. This Protective Order shall not affect any contractual, statutory or other legal obligation or the rights of any party or person with respect to "Confidential" or "Highly Confidential – Attorneys' Eyes Only" material designated by that Party.

**IT IS SO ORDERED.**

Date: ____March 17, 2015

_____
Honorable Andrew J. Wistrich
**United States Magistrate Judge**

# CERTIFICATION

I hereby certify my understanding that information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" is being provided to me pursuant to the terms and restrictions of the Protective Order dated _____, in *Hammitt, Inc. v. Becarro International, Ltd., et al.*, Case No. CV14-06654 JAK (AJWx) (C.D. Cal.). I have been given a copy of the Protective Order and read it. I agree to be bound by the Order. I will not reveal the information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" to anyone, except as allowed by the Protective Order. I will maintain all such information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" – including copies, notes, or other transcriptions made there from – in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" – including copies, notes, or other transcriptions made from that information – to the counsel who provided me with the information designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only". I hereby consent to the jurisdiction of the United States District Court of the Central District of California for the purpose of enforcing the Protective Order.

DATED: _____          _____
                                   Signature

                                   _____
                                   Printed name